UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| D'Anthony Lamar Chattams, | : | Case No. 1:12-cv-666 |
| Plaintiff, | : | |
| vs. | : | |
| Glenn Rossi, et al, | : | |
| Defendants. | : | |

**ORDER**

Before the Court are the Plaintiff's objections to the Report and Recommendation of the Magistrate Judge. (Doc. 10) Plaintiff, who is in the custody of the State of Ohio serving a term of incarceration on a state conviction, filed a pro se complaint under 42 U.S.C. §1983. He alleges that a number of state officials violated his constitutional rights, and seeks damages and an order releasing him from prison. (See Doc. 3) As required by provisions of the Prison Litigation Reform Act, 28 U.S.C. §1915, the Magistrate Judge reviewed Plaintiff's complaint sua sponte, to determine if it should be dismissed under that statute. The Magistrate Judge concluded that Plaintiff's complaint fails to state a claim upon which relief could be granted, and therefore recommended that it be dismissed with

prejudice.  (Doc. 7)  Plaintiff objects.

      The Defendants named in Plaintiff's complaint are Glenn Rossi, a prosecuting attorney from Butler County, Ohio; the Ohio Department of Rehabilitation and Corrections and its former Director, Reginald Wilkinson; the Bureau of Criminal Identification; and a number of "Doe" defendants (including the Ohio Attorney General and several unnamed ODRC employees).  Plaintiff's complaint alleges that he pled guilty to a charge of robbery in June 1999, and was placed on a term of community control.  His control was revoked in February 2003, and he was sentenced to serve two years in prison.  He alleges that when he arrived at the prison facility, he was forced to submit to a DNA sample draw and his DNA information was then entered into a state database.  He was subsequently charged for an unsolved aggravated robbery that occurred in 1999 based upon a match between his DNA profile and evidence found at the scene of that robbery. He went to trial on the aggravated robbery charge in 2006, was convicted and sentenced to ten years incarceration.

      Plaintiff alleges that the state's case against him was premised entirely upon the DNA evidence.  He asserts that state law in effect in February 2003 did not permit the state to take a DNA sample from him, because robbery was not an offense for which a DNA draw was required at the time of his original robbery

conviction. The state's DNA statute was amended in 2002 ("H.B. 427") to include robbery among the felonies for which DNA sampling was required, but Plaintiff alleges that statute did not apply retroactively. The statute was amended again in 2005 to apply to all felony offenses and to felons on probation, parole, community control or other type of supervised release. Plaintiff further alleges that the Ohio Attorney General and the Ohio Legislature worked together to pass an emergency measure in July 2006 to explicitly make the DNA statute retroactive, in response to a state court of appeals decision that ruled it could only be applied prospectively. By that time, however, Plaintiff had completed his original robbery sentence. Plaintiff notes that the Ohio Supreme Court "weighed in" on this question in State v. Consilio, 114 Ohio St.3d 295, 871 N.E.2d 1167 (2007), when it affirmed the court of appeals and found that the pre-2006 DNA statute did not apply retroactively to require a defendant to give a DNA sample when he was convicted and sentenced prior to its effective date.

     Plaintiff alleges that he only recently became aware of "the facts of this case" when a law clerk explained to him how Ohio state officials had violated his constitutional rights. (Doc. 3 at 12) He alleges that "Back in 2006, the 1st of March, I kept asking did they get my DNA legally, everyone said Yes. In 2009, going into 2010, I brought up the fact of being under a different [statute], but was

told, it's untrue." (Id.) Plaintiff seeks recovery of compensatory and punitive damages against each of the Defendants. He has also filed three motions seeking an order setting aside his aggravated robbery conviction, and an injunction requiring the state to refrain from further use of his DNA sample and to remove his profile from the database. He also seeks a "warrant" from this Court to authorize his transfer from the Lebanon Correctional Institution to the Boone County, Kentucky jail, which he alleges has a state-of-the-art law library that would permit him to prepare his case against the defendants. (Docs. 4, 5, 6)

## DISCUSSION

The Magistrate Judge correctly concluded that Plaintiff has failed to state a claim upon which this Court may grant any relief. First, Plaintiff seeks an order releasing him from state custody and vacating his 2006 aggravated robbery conviction. A federal civil rights lawsuit is not a proper vehicle for seeking such relief. His only federal remedy would be to seek a writ of habeas corpus pursuant to 28 U.S.C. §2254. Plaintiff's objections do not directly address this conclusion, but he seems to acknowledge that he must complete his "State Appeals and Federal Habeas Corpus" proceedings in order to proceed on his claims. (See Doc. 10 at 5)

Second, the Magistrate Judge concluded that Plaintiff's claim for damages under Section 1983 based on the unconstitutionality of his state conviction is

barred by Heck v. Humphrey, 512 U.S. 477 (1994). That case held that a plaintiff must first establish that his conviction has been invalidated before he may bring a Section 1983 claim for damages based upon the allegedly unconstitutional conviction. The gravamen of Plaintiff's complaint is that state officials illegally seized his DNA sample in 2003 which in turn led directly to his 2006 conviction. Any relief Plaintiff may seek would necessarily attack the validity of that conviction. Therefore, as the Magistrate Judge correctly concluded, Plaintiff's claim for damages is barred by Heck.

Third, to the extent that Plaintiff's complaint is not precluded by the first two principles discussed above, the Magistrate Judge found that any damages claim based on a violation of Plaintiff's Fourth Amendment rights for the 2003 seizure of his DNA is time-barred. The statute of limitations applicable to a Section 1983 claim for damages is the state's limitations period that applies to actions for personal injury. In Ohio, that statute is two years pursuant to Ohio Rev. Code 2305.10. Plaintiff alleges that the DNA sample was taken in February 2003, and that the Ohio Supreme Court's decision (barring retroactive application of the DNA statute) was issued in 2007. Plaintiff's complaint was filed in August 2012 and is untimely, unless Plaintiff can demonstrate that his claim accrued within two years of the filing of his complaint. The Magistrate Judge noted that Plaintiff

alleges that he expressed "concerns" as early as March 2006 about the legality of the seizure of his DNA sample. He alleges that he raised the issue again in 2009 and 2010. But he also alleges that in March 2012, a law clerk explained to him how the state violated his rights in February 2003 by taking the DNA sample.

A federal civil rights claim accrues when the plaintiff "knew or should have known" that he was injured. See Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001). Plaintiff certainly knew that he was forced to provide the sample when that incident occurred, and he alleges that he raised questions about the legality of that action on several subsequent occasions. A plaintiff's belated awareness or understanding of the law that might support a claim does not postpone the accrual of a cause of action, because the statute begins to run "when a plaintiff knew or should have known of the injury that forms the basis of the claim." Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007), citing Ruff v. Runyon, 258 F.3d at 500.

In his objections, Plaintiff admits that about ten days before his 2006 trial for aggravated robbery, he was "placed on notice that the Retroactive application" of the 2002 DNA statute was "illegal." He claims he was also told that the law allowed the state to take the sample. (Doc. 10 at 4) Whether or not anything he may have been told about the law was incorrect, Plaintiff clearly admits that he had notice that the state's action was "illegal" by 2006. Any damages claim based

upon a Fourth Amendment illegal seizure that occurred in 2003 is plainly time-barred.

Plaintiff's objection also notes that a Section 1983 claim premised on an unconstitutional conviction does not accrue until that conviction is overturned or invalidated, as Heck plainly held.  He therefore objects to the Magistrate Judge's recommendation that his complaint be dismissed with prejudice.  He admits that while his pending claim may be precluded by Heck, a dismissal without prejudice would permit him to pursue a claim when (and if) he is successful in the state courts or in seeking federal habeas relief.  He further states that he has a pending postconviction petition in the Ohio courts which "made its way through the Ohio Supreme Court on August 25, 2012."   He acknowledges that he must exhaust his state remedies before filing a federal habeas petition.  (Doc. 10 at 6)   Because his claim based upon his allegedly unconstitutional conviction has not yet accrued, this claim will be dismissed without prejudice, in the event that Plaintiff is successful in challenging the constitutionality of his 2006 conviction.

CONCLUSION

This Court has reviewed the record in this matter de novo, pursuant to 28 U.S.C. §636(b), and concludes that Plaintiff has not demonstrated that the

Magistrate Judge's recommendations are clearly erroneous or contrary to law. His objections are therefore overruled, except for his objection to the dismissal with prejudice of his Section 1983 damages claim based on his 2006 conviction. Plaintiff's complaint is dismissed without prejudice with respect to that claim, and is otherwise dismissed with prejudice, pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b). His motions for an injunction (Doc. 4), declaratory judgment (Doc. 5), and for a warrant (Doc. 6) are all denied.

This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order adopting the Report and Recommendation would not be taken in good faith, and Plaintiff is therefore denied leave to appeal in forma pauperis. See <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997).

SO ORDERED.

THIS CASE IS CLOSED.

DATED: November 13, 2012    s/Sandra S. Beckwith
Sandra S. Beckwith
Senior United States District Judge